Jahier v Jahier (2021 NY Slip Op 08174)





Jahier v Jahier


2021 NY Slip Op 08174


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-10882
 (Index No. 602559/17)

[*1]Donna Sue Jahier, appellant, 
v
Glenn Alan Jahier, etc., et al., respondents, et al., defendants.


Zimmerman Law, P.C., Huntington Station, NY (Gary R. Novins of counsel), for appellant.
Richard J. Sullivan, Port Jefferson, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to set aside a settlement agreement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered July 19, 2018. The order granted the motion of the defendants Glenn Alan Jahier and Steven Louis Jahier for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff, Donna Sue Jahier (hereinafter Donna), and the defendants Glenn Alan Jahier (hereinafter Glenn) and Steven Louis Jahier (hereinafter Steven) are siblings whose mother, the decedent Edith Jahier, died on April 15, 2015. On August 5, 2015, Donna, Glenn, and Steven entered into a settlement agreement (hereinafter the settlement agreement), which was drafted by the defendant Marchese and Maynard, LLP (hereinafter M & M).
The settlement agreement provided, inter alia, that Glenn and Steven agreed to sell their shares in the decedent's house to Donna, and that Donna, in turn, agreed to execute a note in their favor, which was to be repaid or refinanced within three years. The note was secured by a mortgage on the decedent's house.
The settlement agreement also contained mutual covenants not to sue, as well as general releases from each party to the others covering, among other things, any and all prior claims, and extending the benefit of such releases, inter alia, to each releasee's "agents, representatives, [and] attorneys." The settlement agreement also contained a clause stating that M & M acted as counsel to Glenn, and it is undisputed that Donna was told, prior to signing the settlement agreement, that M & M was not representing her interests, but only Glenn's. Donna signed the settlement agreement, as well as the note, mortgage agreement, and other related transaction documents, without reading their contents.
Donna was subsequently unable to repay the note, and she commenced this action seeking to set aside the settlement agreement and related transaction documents. In addition, she asserted various causes of action against Glenn, Steven, and M & M with respect to alleged fraudulent conduct predating the settlement agreement. After joinder of issue, Glenn and Steven moved for [*2]summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court granted the motion. Donna appeals.
Glenn and Steven established, prima facie, that Donna's claims were barred by the terms of the general release contained in the settlement agreement, and that the record evidence—including Donna's own allegations—failed to evince any fraud, duress, or other fact that would be sufficient to void such release (see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276; Carew v Baker, 175 AD3d 1379, 1381). In opposition, Donna failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted Glenn and Steven's motion for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., CHAMBERS, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court